**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard James BASUEL, Defendant—
Appellant.**

No. 05–10644.

United States Court of Appeals,
Ninth Circuit.

Submitted May 15, 2006.*

Decided May 22, 2006.

Office of the U.S. Attorney PJKK Federal Building, Honolulu, HI, for Plaintiff–Appellee.

Reginald P. Minn, Esq., Davies Pacific Center, Honolulu, HI, for Defendant–Appellant.

Before: B. FLETCHER, TROTT, and CALLAHAN, Circuit Judges.

## MEMORANDUM **

Richard James Basuel appeals from his jury-trial conviction for conspiracy, in vio-

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

lation of 18 U.S.C. § 371, and multiple counts of aiding and abetting the filing of false tax returns, in violation of 26 U.S.C. § 7206(2). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Basuel challenges the sufficiency of the evidence supporting his convictions. Because he preserved this claim in the district court by filing a motion for acquittal, we review de novo his challenge to the sufficiency of the evidence claim. *See United States v. George*, 420 F.3d 991, 998–99 (9th Cir.2005).

Basuel contends the government failed to provide evidence showing he willfully aided in preparing false returns, as required by 26 U.S.C. § 7206(2). Willfulness may be established "with circumstantial evidence indicating that the defendant knew or must have known that his returns were false." *United States v. Tucker*, 133 F.3d 1208, 1218 (9th Cir.1998) (internal quotation marks and citation omitted). There was evidence that Basuel had many years' experience in the tax preparation business prior to his use of the supposed foreign-income loophole, that he supposedly relied on others with no demonstrable tax experience to interpret the tax code language, and that he continued to file returns using the suspect method even after many clients' returns had been rejected by the Internal Revenue Service.

Considering the evidence in the light most favorable to the prosecution, a rational trier of fact could infer from the government's evidence that Basuel willfully as-

sisted in the filing of returns he knew were false. *See George*, 420 F.3d at 999.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.